# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No. 1:20-mj-00013 (DAR) |
| **OMAR AL-KAHTANY,** : | |
| : | |
| **Defendant.** : | |

## JOINT STATUS REPORT

The defendant, Omar Al-Kahtany, by and through his attorney, Travis D. Tull, and the United States, by and through its attorney, the United States Attorney for the District of Columbia, and in accordance with the Court's order vacating the prior hearing, respectfully submit this Joint Status Report and requests that this Court docket defendant's plea and sentencing for Monday, April 17, 2020 at 2:00 p.m. or as soon thereafter as the Court will allow and for grounds thereof state the following:

I.  Counsel for the defendant spoke with the Director of Interpreting Services and agreed to a protocol for interpreting services to be provided to Mr. Al-Kahtany at his plea and sentencing.  Mrs. Salazar, of this same office, updated the Court via email message regarding this conversation and the agreed upon steps for the provided services.  Mrs. Salazar explained that the interpreting could be done using both simultaneous and consecutive interpreting services.

Defendant, however, is fluent in English and does not require the assistance of an Arabic interpreter.  He is currently a law student at Georgetown University, takes all instruction in English, reads and writes the English language and converses on a daily basis with friends and family in the English language.  Defendant will, if allowed, waive the need for an interpreter in open court.

If the Court is more comfortable proceeding with an Arabic interpreter, Mrs, Salazar stated that this Court could still have the Arabic interpreter on the call in the event that some clarification was needed on any point for Mr. Al-Kahtany.  The interpreter would be there as a safety net just in case a language problem arose…

Mrs. Salazar also indicated that she checked with the interpreter and she will be available upon request.

**II.     Basis of Request for Immediate Acceptance of Plea & Sentencing**

As detailed in a previous motion, Mr. Al-Kahtany and his family desperately desire to be able to travel home **as soon as this Court allows**. The government has no objection to proceeding with a plea hearing and immediate sentencing.

**III.    Defendant's Right to Trial, Judgement, and Sentencing Before a U.S. District Court Judge**

On March 8, 2020, the defendant executed a "Consent to Proceed Before a Magistrate Judge in a Misdemeanor Case" form, thus waiving his right to trial, judgment, and sentencing before a U.S. District Court judge.  *See* ECF No. 16, filed on March 8, 2020.  As the defendant had not made the decision to waive his right to a jury trial at that time, the defendant did not complete the waiver of right to jury trial portion of the form.

As the defendant now wishes to proceed with a plea offer, thus waiving his right to a jury trial, an executed copy of the "Consent to Proceed Before a Magistrate Judge in a Misdemeanor Case" with the jury trial waiver section executed is attached as Exhibit 1.

**IV.    The Plea Agreement**

The defendant has accepted the plea offer verbally extended by the Government on April 6, 2020, and which is documented in its written plea offer, dated April 13, 2020

("Agreement"). The Agreement contemplates the defendant pleading guilty to Counts I and III of the Information filed on January 28, 2020 (ECF No. 8) and not opposing the following conditions that the government would seek for any period of probation or supervised release:

   a. the defendant will stay away from the area around the White House that is bounded by and including K Street, NW; 13th Street, NW; Pennsylvania Avenue, NW; 12th Street, NW; Constitution Avenue, NW; and 19th Street, NW., as reflected on the attached map;

   b. the defendant will participate in and receive mental health treatment; comply with any terms of treatment established by the Court or medical and/or mental health professionals, including, but not limited to, any medication regimen established by medical and/or mental health professionals;

   c. the defendant will assist and cooperate fully in any and all U.S. Secret Service (USSS) efforts to monitor, investigate, and/or assess the defendant in relation to the USSS's protective responsibilities, including by submitting to an interview with USSS Special Agents and Uniformed Division Officers immediately following sentencing and prior to his departure from the United States; and

   d. the defendant will notify the U.S. Probation Office (USPO) prior to every instance where he leaves the United States or seeks to return to the United States.

In exchange, the government will dismiss Count II of the Information and agree to not oppose (1) the imposition of a term of probation on each count; (2) that any sentences be served concurrently; and (3) that the defendant be permitted to return to the Kingdom of Saudi Arabia to serve any period of probation or supervised release, so long as all other conditions of release that may be set can be successfully met and adequately supervised while the defendant resides there.

Executed copies of the Agreement, the accompanying statement of offense, and the map documenting the White House stay away order were previously provided as Exhibits 2-4 respectively.

V.   **Immediate Sentencing & Waiver of Presentence Investigation Report**

In light of the misdemeanor nature of the charges and the defendant's circumstances,

the parties jointly request that the Court waive the customary Presentence Investigation Report (PSIR). The parties believe that the information contained in the Complaint and Plea statements of offense, as augmented by any sentencing memoranda that may be filed or oral arguments that may be made at sentencing, will provide an adequate basis from which the Court may impose a fair and just sentence. Furthermore, although advised of their rights as related to the assault charges, none of the involved officers wish to submit a victim impact statement or otherwise be heard as to the defendant's sentencing.

The undersigned prosecutor has notified the U.S. Probation Office (USPO) of the potential for the plea and immediate sentencing of the defendant on Thursday. USPO is thus aware of the case and that no PSIR would be issued. The USPO has also been provided an unsigned copy of the Agreement, the statement of offense, and the stay away map. The USPO has indicated that a probation officer will be available to attend the telephonic proceedings should the Court grant this motion.

Based on the government's investigation, and as indicated in the Agreement, the defendant does not appear to have any criminal history that would be considered in determining the applicable U.S. Sentencing Guidelines range ("Sentencing Guidelines").

## VI.  Sentence to Be Imposed

The parties do not seek a sentence of time served. Rather, as contemplated by the Agreement, the defendant seeks – and the government has agreed not to oppose – a sentence of probation, with the parties free to argue for whatever length of probation it feels appropriate. Based on the estimated offense levels and estimated criminal history as documented in the Agreement, the defendant's estimated Sentencing Guidelines range is 0 to 6 months for each count. *See* Agreement at 4.

Given the defendant's expressed desire to return to the Kingdom of Saudi Arabia and serve any period of probation or supervised release there, and the government's interest in permitting him to do so, prior to issuing the plea offer, the undersigned prosecutor contacted Supervisory Probation Officer Renee Moses-Gregory of the USPO, to inquire whether the USPO could monitor the defendant were he to reside in Saudi Arabia. Ms. Moses-Gregory advised that based on the conditions contemplated by the Agreement, the USPO could successfully monitor the defendant from Saudi Arabia.

For the foregoing reasons, the parties jointly file this Joint Status Report and request that this Court place the above matter on its docket for a plea hearing and sentencing for Monday, April 17, 2020 at 2:00 p.m. or as soon thereafter as the Court will allow

    Respectfully submitted,

    TIMOTHY J. SHEA
    United States Attorney
    D.C. Bar Number 437437

By: */s/ Reagan N. Clyne*
    REAGAN N. CLYNE
    Virginia Bar No. 74767
    Special Assistant U.S. Attorney
    National Security Section
    United States Attorney's Office
    555 4th Street, N.W.
    Washington, D.C. 20530
    Reagan.Clyne@usdoj.gov
    (202) 252-7215
    ***Counsel for the Government***

*/s/ Douglas E. Bywater*
Douglas E, Bywater, Esq. DC#29900
TATE BYWATER
2740 Chain Bridge Rd.
Vienna, VA 22181
Ph: (703) 938-5100
FAX: (703) 991-0605
dbywater@tatebywater.com
*Counsel for the Defendant*

/s/ Travis D. Tull
Travis D. Tull
Virginia Bar No. 47486
Tate Bywater
2710 Chain Bridge Road
Vienna, Virginia 22181
ttull@tatebywater.com
(703) 938-5100
*Counsel for the Defendant*
*Appearing Pro Hac Vice*